UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>        v.<br><br>RYAN MASTERS,<br>                              Defendants. | Case No. 2:12-cr-00145-MMD-GWF<br><br>ORDER |

Before the Court is Defendant Ryan Masters' Objection to Magistrate's Order of Detention. (Dkt. no. 34.) The Court has reviewed the briefs relating to Defendant's Objection and the records in this case, including previous motions involving pretrial release.

## I.     BACKGROUND

On April 25, 2012, Masters was indicted on several counts of possession of fifteen or more counterfeit or unauthorized access devices in violation of 18 U.S.C. § 1029(a)(3). On May 1, 2012, Masters was arrested in the District of Arizona. He was interviewed by Pretrial Services in the District of Arizona, who recommended detention based on its conclusion that no condition or combination of conditions can be fashioned to reasonably assure either Masters' appearance or the safety of the community. At the Fed. R. Crim. P. 5 hearing, United States Magistrate Judge Edward C. Voss ordered that Masters be detained based on a finding of a risk of nonappearance and danger to the community. Masters was subsequently transferred to the District of Nevada.

On May 18, 2012, Masters made his initial appearance before United States Magistrate Judge George Foley, Jr. After a detention hearing, the Magistrate Judge ordered that Masters be detained, finding the evidence presented established by a preponderance of the evidence of a risk of flight and no condition or combination of conditions will reasonably assure the appearance of the Defendant. (Dkt. no. 12.)

On June 26, 2012, Masters moved to reopen the detention hearing. (Dkt. no. 18.) Masters argued that his due process rights were violated because he was not interviewed by Pretrial Services in Arizona or Nevada. He requested that the Court reopen the detention hearing to consider information about his employment and stable living environment. The Magistrate Judge denied his motion, finding Masters was interviewed by Pretrial Services in Arizona and the information presented by Masters was neither new nor material. (Dkt. no. 19.)

On August 2, 2012, Masters filed a motion for the Magistrate Judge to reconsider its previous Order. (Dkt. no. 28.) The Magistrate Judge denied reconsideration. (Dkt. no. 29.) Masters now seeks review of the Magistrate Judge's decision.

## II.   DISCUSSION

### A.   Legal Standard

The Court reviews the Magistrate Judge's Order under 18 U.S.C. § 3142(e) de novo. *United States v. Eischeid*, 315 F. Supp. 2d 1033, 1035 (D. Ariz. 2003) (citing *United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990)). "The Court must 'review the evidence before the magistrate' and any additional evidence submitted by the parties, 'and make its own independent determination whether the magistrate's findings are correct, with no deference.'" *Id.* (quoting *Koenig*, 912 F.2d at 1193).

The Bail Reform Act, 18 U.S.C. § 3142(f)(2), provides that a detention hearing may be reopened "before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether

///

there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

Masters objects to the Magistrate Judge's Order denying his request to reopen the detention hearing. The Court finds that the Magistrate Judge properly concluded that Masters failed to present material information that was not known at the time of the detention hearing to warrant reopening the detention hearing.[1] The Court next examines the Magistrate Judge's Order to detain pending trial (dkt. no. 19).

## B. Analysis

The Bail Reform Act of 1984 "requires the release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required and the safety of the community." *United States v. Gerbo*, 948 F.2d 1118, 1121 (9th Cir. 1991). "Only in rare circumstances should release be denied, and doubts regarding the propriety of release should be resolved in [the] defendant's favor." *Id.* (citations omitted). The government bears the burden of proving by a preponderance of the evidence that the defendant poses a flight risk. *See id.*

In considering whether to detain or release a defendant, 18 U.S.C. § 3142(g) requires the Court to consider four factors: "(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community should the person be released." *United States v. Chen*, 820 F. Supp. 1205, 1207 (N.D. Cal. 1992).

///

---

[1] In his reply brief, Masters clarifies that his intent was to object to the Magistrate Judge's Order of detention (dkt. no. 19), not to ask for the Magistrate Judge to reopen the detention hearing. Masters concedes that the Magistrate Judge's decision is correct because no new evidence was presented.

Masters fails to address these four factors. The Court nevertheless reviews these four factors and finds that factors 1 and 3 weigh against pretrial release. Because factor 2 "is the least important of the various factors," *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985), the Court will not consider this factor. The Magistrate Judge's decision to detain is based upon a finding of flight risk, not danger to the community. Accordingly, the Court will not evaluate factor 4.

Masters is charged with violations of 18 USC § 1029(a)(3). The offenses carry a sentence of up to ten years. The length of the potential sentence increases the risk that Defendant may flee. Factor 2 weighs in favor of detention.

In considering factor 3, courts may consider "the history and characteristics of the person, including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, [and] record concerning appearance at court proceedings." *Motamedi*, 767 F.2d at 1407.

Here, Masters does not have strong community ties and his employment does not show a tie to the community. Masters was born and raised in Michigan and has lived in Las Vegas since 2006. However, he reported that he had resided at his rental residence before his detention only for about a month. He does not challenge the government's contention that he had resided at four different addresses since May 2011 and stayed from 2 to 5 months at each location. Masters reported that he had maintained daily contact with his father, but his father was unsure of his exact address in Las Vegas. Masters does not have any asset other than a vehicle and some cash. Defendant had been self-employed as a computer consultant since 2006 and obtained his business from Craigslist.com. However, the government aptly noted that this type of employment may be performed anywhere in the country.

Defendant's criminal history and past conduct weigh against release. Masters was convicted on December 8, 2008, for schemes to defraud offense. On May 2, 2011, Masters was charged and subsequently convicted of burglary in Las Vegas. Masters

has two outstanding warrants issued against him in connection with a charge of fraudulent activities from 2005 and for probation violation in connection with a charge for schemes to defraud in 2006.  Defendant's probation was revoked in February 2009.  Defendant does not dispute the government's contention that he had stated that if arrested, he would flee. (Dkt. no. 39 at 1.)  While Masters was arrested without incident in Arizona and may lack the financial means to become a successful fugitive (as he argues in his reply brief), his lack of ties to the community, outstanding warrant, and noncompliance with probation shows that he is a flight risk.  For these reasons, the Court finds that factor 3 weighs in favor of detention.[2]

As noted, Masters does not focus on the factors under section 3142(g).  Instead, the gist of his argument is that Pretrial Services in Arizona could not have properly assessed community confinement in a halfway house as a condition of pretrial release and suggests that an updated Pretrial Services report would allow him to be identified for community confinement.  However, community confinement is an option that is part of the combination of conditions of release considered by Pretrial Services in presenting its report to the court.  The Court notes that Pretrial Services in Nevada agrees with the recommendation of Pretrial Services in Arizona.

In sum, the Court finds that the evidence in this case established by a preponderance of the evidence that Masters poses a flight risk and no condition or combination of conditions can be fashioned to reasonably assure his appearance.  The Court therefore affirms the Magistrate Judge's order to detain Masters pending trial.

///

///

///

///

---

[2] The information in this paragraph is taken from the Pretrial Services report prepared by Pretrial Services in Arizona.

**III.     CONCLUSION**

IT IS ORDERED that Defendant's Objection to Magistrate's Order of Detention (dkt. no. 34) is DENIED.

DATED THIS 1st day of October 2012.

_____
UNITED STATES DISTRICT JUDGE