1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                               DISTRICT OF NEVADA

8                                      * * *

9    UNITED STATES OF AMERICA,            Case No. 2:12-cr-00145-MMD-GWF

10                        Plaintiff,
                                                        ORDER
11         v.
                                          (Defendant's Motion for Release of *Brady*
12   RYAN MASTERS,                          Materials – dkt. no. 46;
                                          Defendant's Motion in Limine – dkt. no. 47;
13                        Defendant.      Government's Sealed Ex Parte Motion for
                                          *In Camera* Review of Potential *Henthorn*
14                                           Material – dkt. no. 59)

15

16         Before the Court are Defendant Ryan Masters' Motion for Release of *Brady*

17   Materials (dkt. no. 46) and Motion in Limine (dkt. no. 47), and the government's Sealed

18   Ex Parte Motion for *In Camera* Review of Potential *Henthorn* Material (dkt. no. 59).

19   **I.      BACKGROUND**

20         On April 25, 2012, Masters was indicted on three counts of possession of fifteen

21   or more counterfeit or unauthorized access devices in violation of 18 U.S.C. §

22   1029(a)(3).

23         This case is scheduled for trial on October 30, 2012.  The three pending motions

24   addressed in this Order regard the parties' requests regarding production of certain

25   evidence prior to trial.

26   **II.     DEFENDANT'S MOTION FOR RELEASE OF *BRADY* MATERIAL**

27         Defendant requests that the Court order the government to produce *Brady*

28   materials favorable to Defendant's special circumstances witnesses.  (Dkt. no. 46.)  The

1    government states that it does not intend to present any such witnesses at trial, but

2    should this change, it will comply with its discovery obligations.  (Dkt. no. 63 at 1.)

3        As the government does not presently plan on calling the special circumstance

4    witnesses relevant to Defendant's Motion, the Motion is denied without prejudice.

5    **III.    DEFENDANT'S MOTION IN LIMINE TO PRECLUDE THE GOVERNMENT**
       **FROM OFFERING INTO EVIDENCE SEXUALLY EXPLICIT PHOTOS OR**
6      **VIDEO OF DEFENDANT**

7        **A.    The Evidence Defendant Wishes to Exclude**

8        The government has produced hard drives that depict Masters in the nude and in

9    other sexually explicit positions.[1]  The government plans to use this evidence to prove to

10   a jury the operator of the veovis@gmail.com email account.

11       Defendant argues that the government does not need the photos or videos of

12   Masters because the United States has produced a significant amount of information

13   from Google regarding the relevant internet service provider numbers (ISPN) linked to

14   the email address.  Defendant further asserts that this evidence is sufficient for the

15   government to establish its theory that Defendant operated the email address, and as

16   such the sexually explicit media should not be admitted into evidence.

17       The government opposes Defendant's motion. It states that it will attempt to

18   identify pictures and items that do not contain sexually explicit material to prove

19   ownership and will redact any sexually explicit material where possible.  However, the

20   government goes on to argue that "such photos – if necessary – may be the strongest

21   evidence that [D]efendant controlled these computers and E-mail account: how else

22   could such private pictures end up on these computers and E-mail account[?]  Access to

23   such photos would normally be carefully guarded."  (Dkt. no. 62 at 2.)

24       **B.    Analysis**

25       Defendant argues that the photos and video should be precluded pursuant to

26   Fed. R. Evid. 401 and 403.  Although Defendant purports to argue that the evidence is

27

28       [1]On October 4, 2012, the government delivered a 404(b) notice to Defendant's
     counsel that it intended to present evidence that featured Masters *in flagrante delicto*.

2

1    not relevant, this is incorrect.  Though Defendant is correct that the photos and video are

2    not "determinative of the government's case," (dkt. no. 47 at 2), a brick is not a wall, and

3    so long as the evidence presented makes a fact of consequence more or less probable,

4    that evidence is relevant.  *See* Fed. R. Evid. 401; Advisory Committee Notes to Fed. R.

5    Evid. 401 ("A brick is not a wall," or . . . . [i]t is not to be supposed that every witness can

6    make a home run." (citations removed)).  Here, the photos and video make it more likely

7    than not that the email account from which they came was Defendant's email account.

8         While the evidence may be relevant, the Court holds that it should be excluded

9    under Fed. R. Evid. 403 because of the threat of unfair prejudice it could produce.  The

10   government argues that the probative value of the evidence is high – a personal,

11   password-protected email account containing sexually explicit videos and photos

12   typically belongs to the subject of those photos.  (*See* dkt. no. 62 at 2.)  Even if the

13   government is correct about the strength of the evidence, the (1) availability of other

14   sources to establish ownership, and (2) prejudice to Defendant which would result from

15   introducing the evidence make the photos and video inadmissible.

16        The government does not dispute that it has several other pieces of evidence that

17   will help it prove Defendant operated veovis@gmail.com.  In fact, the government has

18   subpoenaed ISPN information regarding the email account that can be matched with the

19   seized laptops.  Therefore, there is little need for the sexually explicit photos and video.

20   Further, there is a high risk that presenting the evidence would prejudice a jury against

21   Defendant.  The evidence could mislead the jury and result in it considering irrelevant

22   factors such as Defendant's character or his behavior unrelated to the crimes charged.

23        Because the prejudicial value of the evidence outweighs its relevance, and

24   because the government has other means for proving ownership of the

25   veovis@gmail.com email address, the Court grants Defendant's Motion.

26   ///

27   ///

28   ///

**IV.    THE GOVERNMENT'S EX PARTE MOTION FOR *IN CAMERA* REVIEW OF POTENTIAL *HENTHORN* MATERIAL**

The Court has issued an order under seal determining that the information contained in Exhibit A to the government's Sealed Ex Parte Motion for *In Camera* Review of Potential *Henthorn* Material (dkt. no. 59) is not discoverable and need not be produced.

**V.    CONCLUSION**

IT IS THEREFORE ORDERED that Defendant's Motion for Release of *Brady* Materials (dkt. no. 46) is DENIED without prejudice.

IT IS FURTHER ORDERED that Defendant's Motion to Preclude the Government from Offering into Evidence Sexually Explicit Photos / Video of Defendant (dkt. no. 47) is GRANTED.

IT IS FURTHER ORDERED that the information contained in Exhibit A to the government's Sealed Ex Parte Motion for *In Camera* Review of Potential *Henthorn* Material (dkt. no. 59) IS NOT DISCOVERABLE AND NEED NOT BE PRODUCED.

DATED THIS 25th day of October 2012.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE