UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br>v.<br><br>RYAN MASTERS,<br><br>　　　　　　　　　　　Defendant. | Case No. 2:12-cr-00145-MMD-GWF<br><br>ORDER |

**I.　SUMMARY**

Before the Court is Defendant Ryan Masters' Motion for Release Pending Sentencing Pursuant to 18 U.S.C. § 3143(a). (Dkt. no. 200.) This is the fourth time Masters has requested release in this case and the first time such a request is made after conviction. For the reasons discussed herein, the Motion is denied.

**II.　BACKGROUND**

The Grand Jury indicted Defendant on April 25, 2012. Five days later, Masters was arrested outside of a Best Buy in the District of Arizona. Evidence at trial showed that Defendant was attempting to use an access device in a fraudulent manner. Masters was interviewed by Pretrial Services in the District of Arizona, which recommended detention based on its conclusion that no condition or combination of conditions could be fashioned to reasonably assure either Defendant's appearance or the safety of the community. At the Fed. R. Crim. P. 5 hearing, United States Magistrate Judge Edward C. Voss ordered that Masters be detained because he found there was a risk of

nonappearance and a danger to the community. Masters was subsequently transferred to the District of Nevada.

Masters was ordered detained by Magistrate Judge George Foley, Jr. on May 18, 2012, when he made his initial appearance in this case. (Dkt. no. 7.) He moved to reopen the detention hearing on June 27, 2012, contending that his due process rights were violated because he was not interviewed by Pretrial Services in either the District of Arizona, where he was arrested pursuant to a warrant from this court, or the District of Nevada. (Dkt. no. 18.) The Magistrate Judge denied his motion, finding that Pretrial Services of Arizona conducted a detailed interview. (Dkt. no. 19.) Masters moved for reconsideration, which was denied. (Dkt. nos. 28 & 29.) Masters objected to that decision on August 21, 2012. (Dkt. no. 34.) After full briefing on Masters' objection, this Court conducted a de novo review and affirmed the Magistrate Judge's decision. (Dkt. no. 44.)

On November 5, 21012, the jury returned a verdict of guilty on six counts in the Superseding Indictment, including conspiracy to possess 15 or more access devices or unauthorized access devices and effecting fraudulent transactions with access devices from May, 2010, to April, 2012. (Dkt. no. 104.) Defendant was remanded to custody and sentencing was scheduled for February 25, 2013. (Dkt. no. 98.) Defendant sought a 120-day continuance to permit Defendant time to obtain a mental health examination. (Dkt. no. 138.) This request was granted. (Dkt. no. 140.) Pursuant to the parties' stipulation, the Court granted another continuance of the sentencing hearing to August 22, 2013, to permit the government's new counsel sufficient time to review the case and prepare for the sentencing hearing. (Dkt. no. 179.) The Court subsequently granted the government's request for another 30-day continuance. (Dkt. no. 193.) Sentencing is set for October 15, 2013.

After the Court's Order granting the government's motion to continue the sentencing hearing, Defendant filed the current Motion seeking release pending sentencing.

## III. DISCUSSION

Masters argues that: (1) he will not be a flight risk because he does not have a passport and would be willing to reside at a center with conditions of release; and (2) he does not pose a danger to the community because the crime of conviction did not involve an act of violence. Masters also contends that he would be better able to assist counsel in preparing for what is anticipated to be a lengthy sentencing hearing involving numerous witnesses. However, Masters' arguments ignore the Court's previous Order to detain pending trial.

A defendant may be released while awaiting imposition or execution of sentence only if the judge finds "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community." 18 U.S.C. § 3143(a)(1). "The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant." Fed. R. Crim. P. 46(c). The Court finds that Masters has failed to meet this high burden.

In denying Masters' last request for release pending trial, the Court considered the four factors under 18 U.S.C. § 3142(g)[1] and concluded that the government has established by a preponderance of the evidence that Masters poses a flight risk and no condition or combination of conditions can reasonably assure his appearance. (Dkt. no. 44.) Masters has offered no additional information to cause the Court to reconsider its decision to detain, particularly in light of the shift in the burden of proof. In addition, the second factor under section 3142(g) ("the weight of the evidence against the person"), which the Court did not consider in its previous Order, now weights in favor of detention because of the jury's verdict. As for Masters' argument that he would be better able to assist counsel to prepare for a lengthy sentencing hearing, the Court finds that while this

---

[1]These factors are: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community should the person be released. 18 U.S.C. § 3142(g).

may be true, Masters has not demonstrated that he would not be able to assist counsel while he remains in custody. The Court therefore finds that no condition or combination of conditions of release can reasonably assure the appearance of Masters.

## IV. CONCLUSION

It is therefore ordered that Defendant Ryan Masters' Motion for Release Pending Sentencing Pursuant to 18 U.S.C. § 3143(a) (dkt. no. 200) is denied.

DATED THIS 18th day of September 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE