DANIEL G. BOGDEN
United States Attorney
District of Nevada

MICHAEL A. HUMPHREYS
Assistant United States Attorney
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: 702-388-6336
Facsimile: 702-388-6787
Email: Michael.humphreys@usdoj.gov

Attorneys for the United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RYAN MASTERS,<br><br>Defendant. | Case No: 2:12-CR-00145-MMD-(GWF) |

**SETTLEMENT AGREEMENT, STIPULATION FOR ENTRY OF ORDER OF FORFEITURE AS TO RYAN MASTERS AND ORDER**

The United States of America, by and through Daniel G. Bogden, United States Attorney for the District of Nevada, and Michael A. Humphreys, Assistant United States Attorney, and Ryan Masters by and through his counsel, Conor Flynn, stipulate as follows:

1. On October 10, 2012, the Grand Jury sitting in Las Vegas, Nevada, returned a Six Count Superceding Indictment against Ryan Masters (and Jack Newsome) charging them with violations of 18 U.S.C. § 371; 18 U.S.C. § 1029(a)(3); 18 U.S.C. § 1028A; and 18 U.S.C. § 2.

2. That indictment contained six separate, but related, forfeiture allegations that sought the forfeiture of the following items in connection with the defendant's alleged violations of 18 U.S.C. § 371; 18 U.S.C. § 1029(a)(3); 18 U.S.C. § 1028A; and 18 U.S.C. § 2.

   a. HP Laptop Computer G2, Serial No. CNF04061GZ;
   b. Google Cell Phone, Serial No. HT0CPP801312;
   c. Dell Precision M4400 / Toshiba 250 GB hard drive;
   d. Compaq Presario CQ56-115DX laptop (S/N CNF112038V) / Hitachi 250 GB hard drive.(S/N110228PBN238NSJSET8U);
   e. HP G62-347NR laptop (S/N CNF04061GZ) / Samsung 320 GB hard drive (S/N S25WJ9BZ923196);
   f. EliteGroup 332 laptop (S/N 96/F67W00002Q64200616) / Hitachi 40 GB hard drive (S/N XHDTVPAM);
   g. Garmin Nuvi GPS unit, serial number (s/n) 2J4261334;
   h. HP laptop model dm4-3055dx, S/N 2CE20637BD;
   i. Toshiba laptop, S/N ZB086068Q;
   j. Boost mobile phone ZTE model N860, s/n 320820391303;
   k. Galaxy SII mobile phone, S/N RQRBC19136J; and
   l. Garmin Nuvi GPS unit, S/N 1TA121071.

3. On November 5, 2012, defendant Ryan Masters was tried and convicted of all counts in the Superceding Indictment.

4. RYAN MASTERS knowingly and voluntarily agrees to the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the following property:

   a. HP Laptop Computer G2, Serial No. CNF04061GZ;
   b. Google Cell Phone, Serial No. HT0CPP801312;
   c. Dell Precision M4400 / Toshiba 250 GB hard drive;

1      d. Compaq Presario CQ56-115DX laptop (S/N CNF112038V) / Hitachi 250 GB
2  hard drive.(S/N110228PBN238NSJSET8U);
3      e. HP G62-347NR laptop (S/N CNF04061GZ) / Samsung 320 GB hard drive (S/N
4  S25WJ9BZ923196);
5      f. EliteGroup 332 laptop (S/N 96/F67W00002Q64200616) / Hitachi 40 GB hard
6  drive (S/N XHDTVPAM);
7      g. Garmin Nuvi GPS unit, serial number (s/n) 2J4261334;
8      h. HP laptop model dm4-3055dx, S/N 2CE20637BD;
9      i. Toshiba laptop, S/N ZB086068Q;
10     j. Boost mobile phone ZTE model N860, s/n 320820391303;
11     k. Galaxy SII mobile phone, S/N RQRBC19136J; and
12     l. Garmin Nuvi GPS unit, S/N 1TA121071.

RYAN MASTERS knowingly and voluntarily agrees to abandon or to forfeit the property to the United States.

5. RYAN MASTERS knowingly and voluntarily agrees to relinquish all rights, title, and interest in the property. However, the parties agree that all right title and interest in the property described in Paragraph No. 4 may be restored to Mr. Masters should his conviction be vacated on appeal.

6. RYAN MASTERS knowingly and voluntarily agrees to waive his right to any abandonment proceedings, any civil administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture proceedings ("proceedings") of the property.

7. RYAN MASTERS knowingly and voluntarily agrees to waive service of process of any and all documents filed in this action or any proceedings concerning the property.

8. RYAN MASTERS knowingly and voluntarily agrees to waive any further notice to him, his agents, or his attorneys regarding the forfeiture and disposition of the property.

9. RYAN MASTERS knowingly and voluntarily agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the property. .However, this Waiver does not prohibit RYAN MASTERS from arguing on appeal that the property described in Paragraph 4 was the fruit of an unlawful search and/or seizure. If RYAN MASTERS is successful on his appeal, the parties agree that he may claim an interest in or title to the property described in Paragraph No. 4

10. RYAN MASTERS knowingly and voluntarily agrees to withdraw any claims, answers, counterclaims, petitions, or other documents he filed in any proceedings concerning the property.

11. RYAN MASTERS knowingly and voluntarily agrees to waive the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7 and 32.2, the constitutional requirements, and the constitutional due process requirements of any abandonment proceedings or any forfeiture proceedings concerning the property.

12. RYAN MASTERS knowingly and voluntarily agrees to waive his right to a trial on the forfeiture of the property.

13. RYAN MASTERS knowingly and voluntarily agrees to waive (a) all constitutional, legal, and equitable defenses to, (b) any constitutional or statutory double jeopardy defense or claim concerning, and (c) any claim or defense under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fines or cruel and unusual punishments in any abandonment proceeding, any civil administrative forfeiture proceeding, any civil judicial forfeiture, or criminal forfeiture proceeding concerning the property. However, this Waiver does not prohibit RYAN MASTERS from arguing on appeal that the property described in Paragraph 4 was the fruit of an unlawful search and/or seizure. If RYAN MASTERS is successful on his appeal, the parties agree that he may claim an interest in or title to the property described in Paragraph No. 4

1    14. RYAN MASTERS knowingly and voluntarily agrees to the entry of an Order of Forfeiture of the property to the United States.

15. RYAN MASTERS understands that the forfeiture of the property shall not be treated as satisfaction of any assessment, restitution, fine, cost of imprisonment or any other penalty that may be imposed in addition to forfeiture.

16. RYAN MASTERS knowingly and voluntarily agrees to the conditions set forth in this Settlement Agreement, Stipulation for Entry of Order of Forfeiture as to RYAN MASTERS, and Order ("Settlement Agreement").

17. RYAN MASTERS knowingly and voluntarily agrees to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States FEDERAL BUREAU OF INVESTIGATION, their parent- and/or sub-agencies, their agents, and their employees from any claim made by him or any third party arising from the facts and circumstances of this case.

18. RYAN MASTERS knowingly and voluntarily releases and forever discharges the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States FEDERAL BUREAU OF INVESTIGATION, their parent- and/or sub-agencies, their agents, and their employees from any and all claims, rights, or causes of action of any kind that RYAN MASTERS now has or may hereafter have on account of, or in any way growing out of, the seizures and the forfeitures of the property in the abandonment, the civil administrative forfeitures, the civil judicial forfeitures, and the criminal forfeitures. . However, this Waiver does not prohibit RYAN MASTERS from arguing on appeal that the property described in Paragraph 4 was the fruit of an unlawful search and/or seizure. If RYAN MASTERS is successful on his appeal, the parties agree that he may claim an interest in or title to the property described in Paragraph No. 4. Each party acknowledges and warrants that its execution of the Settlement Agreement is free and is voluntary.

20. The Settlement Agreement contains the entire agreement between the parties.

21. Except as expressly stated in the Settlement Agreement, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into the Settlement Agreement, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing the Settlement Agreement.

22. After the property is forfeited in the criminal case and the United States District Court has signed the Settlement Agreement concerning the property, within ninety days after all appeals have been exhausted in this matter, the United States knowingly and voluntarily agrees to transfer the following property to RYAN MASTERS.

**<u>Seized Items Specified In the Preliminary Order of Forfeiture:</u>**

a. Garmin Nuvi GPS unit, serial number (s/n) 2J4261334;

b Boost mobile phone ZTE model N860, s/n 320820391303;

c. Galaxy SII mobile phone, S/N RQRBC19136J; and

d. Garmin Nuvi GPS unit, S/N 1TA121071.

In addition to the foregoing items, the United States agrees to return the following items, not designated in the Preliminary Order of Forfeiture, to Ryan Masters under the same terms and conditions noted in this paragraph.

**<u>Seized Items Not Specified In The Preliminary Order of Forfeiture:</u>**

a. Sprint LN240 Cell Phone, S/N 101KPKN0758061;

b. Fujifilm S2700HD Digital Camera, S/N OSA26131;

c. Sony Play Station Portable with Memory Card, S/N AV703289658PSP3001;

d. Samsung Cell Phone, S/N RQUZ128400Z;

e Sony Play Station-2 8MB Memory Card with the handwritten notation, DRR; and

f. Garmin Nuvi GPS, S/N 1WM349815.

23. The persons signing the Settlement Agreement warrant and represent that they have full authority to execute the Settlement Agreement and to bind the persons and/or entities, on whose behalf they are signing, to the terms of the Settlement Agreement.

24. This Settlement Agreement shall be construed and interpreted according to federal forfeiture law and federal common law.  The jurisdiction and the venue for any dispute related to, and/or arising from, this Settlement Agreement is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

25. Each party shall bear their or its own attorneys' fees, expenses, interest, and costs.

26. This Settlement Agreement shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Settlement Agreement.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the property.

ARMSTRONG TEASDALE

_____
CONOR FLYNN
Counsel For Ryan Masters
DATED: 10-24-13

_____
RYAN MASTERS
DATED: 10/24/13

DANIEL G. BOGDEN
United States Attorney

_____
MICHAEL A. HUMPHREYS
Assistant United States Attorney
DATED: 10 24 13

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE
DATED: October 24, 2013