✎AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case (NOTE: Identify Changes with Asterisks (*))
Sheet 1

# UNITED STATES DISTRICT COURT

District of ___Nevada___

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**V.**<br><br>RYAN MASTERS | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: 2:12-cr-145-MMD-GWF-1<br>USM Number: 67896-308 |

**Date of Original Judgment:** ___10/24/2013___
**(Or Date of Last Amended Judgment)**

Kevin R. Stolworthy (CJA)
_____
Defendant's Attorney

## Reason for Amendment:

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))

☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))

☑ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or
☐ 18 U.S.C. § 3559(c)(7)

☐ Modification of Restitution Order (18 U.S.C. § 3664)

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☑ was found guilty on count(s) ___1s - 6s of Superseding Indictment___
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC §371 | Conspiracy | 4/1/2012 | 1s |
| 18 USC §1029(a)(3) & | Possession of Fifteen or More Counterfeit or Unauthorized | 6/18/2010, 6/27/2010 and | |
| (c)(1)(A)(i) & 18 USC §2 | Access Devices and Aiding and Abetting | 4/12/2011 | 2s. 3s, 4s |

The defendant is sentenced as provided in pages 2 through ___8___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s) ___all counts of original indictment___ ☐ is ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

___10/24/2013___
Date of Imposition of Judgment

_____
Signature of Judge

MIRANDA M. DU                    U.S. District Judge
_____
Name of Judge                    Title of Judge

___January 14, 2014___
_____
Date

Case 2:12-cr-00145-MMD-GWF   Document 278   Filed 01/15/14   Page 2 of 22

DEFENDANT:  RYAN MASTERS
CASE NUMBER:  2:12-cr-145-MMD-GWF-1

Judgment — Page __2__ of __8__

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC §1028A(a)(1) | Aggravated Identity Theft | 4/10/2011 | 5s |
| 18 USC §1029(a)(3) | Possession of Fifteen or More Counterfeit or | 5/2/2011 | 6s |
| & (c)(1)(a)(1) | Unauthorized Access Devices | | |

DEFENDANT: RYAN MASTERS
CASE NUMBER: 2:12-cr-145-MMD-GWF-1

Judgment — Page __3__ of __8__

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of

1 month as to Count 1s, to be served consecutive to Counts 2s, 3s, 4s and 6s; 84 months per count as to Counts 2s, 3s, 4s, and 6s, to be served concurrently; 24 months as to Count 5s to be served consecutive to the sentence imposed in all other counts.  TOTAL: 109 MONTHS

☑ The court makes the following recommendations to the Bureau of Prisons:

The Court recommends the Defendant be permitted to serve his term of incarceration at a federal facility in Florida.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____  ☐ a.m  ☐ p.m.  on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 12:00 p.m. _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By_____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: RYAN MASTERS
CASE NUMBER: 2:12-cr-145-MMD-GWF-1

Judgment—Page ___4___ of ___8___

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of

3 years per Count, CONCURRENT for Counts 1s, 2s, 3s, 4s, and 6s.  1 Year, as to Count 5s, to be served concurrently.

       The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

  The defendant shall not commit another federal, state, or local crime.

The Defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.  Revocation is mandatory for refusal to comply.

☑ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  (Check, if applicable.)

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.  (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

       If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

       The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

AO 245C    (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 3C — Supervised Release                                                    (NOTE: Identify Changes with Asterisks (*))

DEFENDANT:  RYAN MASTERS
CASE NUMBER:  2:12-cr-145-MMD-GWF-1

Judgment—Page  5  of  8

## SPECIAL CONDITIONS OF SUPERVISION

1. Possession of Weapons - You shall not possess, have under your control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state, or local law.

2. Warrantless Search - You shall submit to the search of your person, property, residence or automobile under your control by the probation officer or any other authorized person under the immediate and personal supervision of the probation officer, without a search warrant to ensure compliance with all conditions of release.

3. Mental Health Treatment - You shall participate in and successfully complete a mental health treatment program, which may include testing, evaluation, and/or outpatient counseling, as approved and directed by the probation office. You shall refrain from the use and possession of beer, wine, liquor, and other forms of intoxicants while participating in mental health treatment. Further, you shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation office based upon your ability to pay.

4. Debt Obligations - You shall be prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without the approval of the probation officer.

5. Access to Financial Information - You shall provide the probation officer access to any requested financial information, including personal income tax returns, authorization for release of credit information, and any other business financial information in which you have a control or interest.

6. Computer Restriction and Monitoring - You shall provide the probation officer with accurate information regarding your entire computer system, including all related digital devices with memory and all passwords and internet service providers; you shall allow the installation of any software/hardware on your computer by the probation officer, and you shall abide by all rules of the Computer Restriction and Monitoring Programs Agreement.

7. True Name - You shall use your true name at all times and will be prohibited from the use of any aliases, false dates of birth, social security numbers, places of birth, and any other pertinent demographic information.

8. No Contact Condition - You shall not have contact, directly or indirectly, associate with, or be within 500 feet of Jack Newsome, his residence or business, and if confronted by Jack Newsome in a public place, you shall immediately remove yourself from the area.

9. Report to Probation Officer After Release from Custody - You shall report, in person, to the probation office in the district to which you are released within 72 hours of discharge from custody.

## ACKNOWLEDGEMENT

Upon finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me.  I fully understand the conditions and have been provided a copy of them.

(Signed)    _____          _____
            Defendant                             Date


            _____          _____
            U.S. Probation/Designated Witness     Date

AO 245C   (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties
(NOTE: Identify Changes with Asterisks (*))

DEFENDANT: RYAN MASTERS
CASE NUMBER: 2:12-cr-145-MMD-GWF-1

Judgment — Page __6__ of __8__

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 600.00 | $ 0.00 | $ 191,906.26 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| see attached Restitution List |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**TOTALS**   $ _____   _____

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for   ☐ fine   ☐ restitution.

☐ the interest requirement for   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C    (Rev. 09/11) Amended Judgment in a Criminal Case
           Sheet 6 — Schedule of Payments                                    (NOTE: Identify Changes with Asterisks (*))

DEFENDANT:  RYAN MASTERS
CASE NUMBER:  2:12-cr-145-MMD-GWF-1

Judgment — Page __7__ of __8__

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**  ☑ Lump sum payment of $ __192,506.26__ due immediately, balance due

    ☐ not later than _____ , or
    ☑ in accordance with ☐ C, ☐ D, ☐ E, or ☑ F below; or

**B**  ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C**  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
term of supervision; or

**E**  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☑ Special instructions regarding the payment of criminal monetary penalties:

    Any unpaid balance shall be paid at a monthly rate of not less than 10% of any income earned during
    incarcerations and/or gross income while on supervision, subject to adjustment by the Court based upon ability to
    pay.*

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due
during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons'
Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and
    corresponding payee, if appropriate.

    Joint and Several with Co-Defendant, Jack Newsome, 2:12-cr-145-MMD-GWF-2*

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
    See attached Stipulation of Forfeiture, Preliminary Order of Forfeiture and Final Order of Forfeiture

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

**United States vs. Ryan Masters Restitution List**

2:12-CR-145-MMD-GWF

**American Express - $62,684.00**

**Best Buy - $102,128.74**

**Chase Bank – $2,307.97**

**Fidelity Information Services, LLC (formerly Metavante) - $23,921.00**

**Wells Fargo Bank - $864.55**

**TOTAL RESTITUTION:   $191,906.26**

FILED _____     _____ RECEIVED
ENTERED _____   _____ SERVED ON
                  COUNSEL/PARTIES OF RECORD

OCT 2 4 2013

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____DEPUTY

1

2

3

4

5

6                   **UNITED STATES DISTRICT COURT**

7                        **DISTRICT OF NEVADA**

8   UNITED STATES OF AMERICA,            )
                                         )
9                    Plaintiff,          )
                                         )
10            v.                         )   2:12-CR-145-MMD-(GWF)
                                         )
11  RYAN MASTERS,                        )
                                         )
12                   Defendant.          )
                                         )
13  _____ )

14             **PRELIMINARY ORDER OF FORFEITURE**

15          This Court finds that on November 5, 2012, defendant RYAN MASTERS was found guilty of

16  Counts One through Six of a Six-Count Superseding Criminal Indictment charging him in Count One

17  with Conspiracy in violation of Title 18, United States Code, Section 371; in Counts Two through

18  Four, and Six with Possession of Fifteen or More Counterfeit or Unauthorized Access Devices in

19  violation of Title 18, United States Code, Section 1029(a)(3); and in Count Five with Aggravated

20  Identity Theft in violation of Title 18, United States Code, Sections 1029(a)(3) and 1028A(a)(1).

21  Superseding Criminal Indictment, ECF No. 49; Jury Verdict, ECF No. 104.

22          This Court finds, pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2), the United States of America

23  has shown the requisite nexus between property set forth in the Forfeiture Allegations of the

24  Superseding Criminal Indictment and the offenses to which defendant RYAN MASTERS was found

25  guilty. Superseding Criminal Indictment, ECF No. 49; Jury Verdict, ECF No. 104.

26  . . .

1    The following assets are subject to forfeiture pursuant to Title 18, United States Code, Section

2    1029(c)(1)(C); Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code,

3    Section 2461(c); Title 18, United States Code, Section 982(a)(2)(B):

4            1.     HP Laptop Computer G62, Serial No. CNF04061GZ;

5            2.     Google Cell Phone, Serial No. HT0CPP801312 with magnetic stripe reader;

6            3.     Dell Precision M4400 / Toshiba 250 GB hard drive (s/n 4058B9CZB);

7            4.     Compaq Presario CQ56-115DX laptop (s/n CNF112038V) / Hitachi 250 GB

8                  hard drive (s/n 110228PBN238NSJSET8U);

9            5.     HP G62-347NR Laptop (s/n CNF04061GZ) / Samsung 320 GB hard drive (s/n

10                 S25WJ9BZ923196);

11           6.     EliteGroup 332 laptop (s/n 96F67W00002Q64200616) / Hitachi 40 GB hard

12                 drive (s/n XHDTVPAM);

13           7.     Garmin Nuvi GPS unit, serial number (s/n) 2J4261334;

14           8.     HP laptop model dm4-3055dx, s/n 2CE20637BD;

15           9.     Toshiba laptop, s/n ZB086068Q;

16          10.    Boost mobile phone ZTE model N860, s/n 320820391303;

17          11.    Galaxy SII mobile phone, s/n RQRBC19136J; and

18          12.    Garmin Nuvi GPS unit, s/n 1TA121071 ("property").

19   This Court finds the United States of America is now entitled to, and should, reduce the

20   aforementioned property to the possession of the United States of America.

21   NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the

22   United States of America should seize the aforementioned property.

23   IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all right, title, and interest of

24   RYAN MASTERS in the aforementioned property is forfeited and is vested in the United States of

25   America and shall be safely held by the United States of America until further order of the Court.

26   . . .

2

1       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the United States of America

2  shall publish for at least thirty (30) consecutive days on the official internet government forfeiture

3  website, www.forfeiture.gov, notice of this Order, which shall describe the forfeited property, state the

4  time under the applicable statute when a petition contesting the forfeiture must be filed, and state the

5  name and contact information for the government attorney to be served with the petition, pursuant to

6  Fed. R. Crim. P. 32.2(b)(6) and Title 21, United States Code, Section 853(n)(2).

7       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a petition, if any, must be filed

8  with the Clerk of the Court, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101.

9       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a copy of the petition, if any,

10  shall be served upon the Asset Forfeiture Attorney of the United States Attorney's Office at the

11  following address at the time of filing:

12       Michael A. Humphreys
          Assistant United States Attorney
13       Lloyd D. George United States Courthouse
          333 Las Vegas Boulevard South, Suite 5000
14       Las Vegas, Nevada 89101

15       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the notice described herein

16  need not be published in the event a Declaration of Forfeiture is issued by the appropriate agency

17  following publication of notice of seizure and intent to administratively forfeit the above-described

18  property.

19       DATED this 24th day of October, 2013.

20

21

22              UNITED STATES DISTRICT JUDGE

23

24

25

26

3

FILED _____ RECEIVED
ENTERED _____ SERVED ON

2013 OCT 24  A 9:42

1

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**

7                          **DISTRICT OF NEVADA**

8   UNITED STATES OF AMERICA,                )
                                             )
9                  Plaintiff,                 )
                                             )
10              v.                            )    2:12-CR-145-MMD-(GWF)
                                             )
11  RYAN MASTERS,                            )
                                             )
12  _____Defendant._____ )

13            **FINAL ORDER OF FORFEITURE AS TO RYAN MASTERS**

14          On July 26, 2013, this Court entered a Preliminary Order of Forfeiture pursuant to Fed. R.

15  Crim. P. 32.2(b)(1) and (2); and Title 18, United States Code, Section 1029(c)(1)(C); Title 18, United

16  States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c); and Title 18,

17  United States Code, Section 982(a)(2)(B), forfeiting property of defendant RYAN MASTERS to the

18  United States of America. Superseding Criminal Indictment, ECF No. 49; Preliminary Order of

19  Forfeiture, ECF No. 185. This Preliminary Order of Forfeiture was subsequently vacated pursuant to

20  an Order of the Court (ECF 187) and was re-entered by this Court on October 24, 2013 with the

21  consent of all parties.

22          Based upon an agreement between the parties regarding the entry of a Preliminary Order of

23  Forfeiture, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED pursuant to Fed. R. Crim. P

24  32.2(b)(4)(A) and (B); Title 18, United States Code, Section 1029(c)(1)(C); Title 18, United States

25  Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c); and Title 18, United

26  . . .

1  States Code, Section 982(a)(2)(B) that the forfeiture of the property named in the Preliminary Order of

2  Forfeiture is final as to defendant RYAN MASTERS.

3  DATED this 24th day of ___October___ 2013.

4

5  _____
   UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

```
                                                    ┌─────────────────────────────────────┐
                                                    │ ___FILED          ___RECEIVED       │
                                                    │ ___ENTERED        ___SERVED ON      │
                                                    │            COUNSEL/PARTIES OF RECORD│
1  DANIEL G. BOGDEN                                 │                                     │
   United States Attorney                           │          OCT 2 4 2013               │
2  District of Nevada                               │                                     │
                                                    │    CLERK US DISTRICT COURT          │
3  MICHAEL A. HUMPHREYS                             │      DISTRICT OF NEVADA              │
   Assistant United States Attorney            BY:__│_____DEPUTY  │
4  333 Las Vegas Boulevard South, Suite 5000        └─────────────────────────────────────┘
   Las Vegas, Nevada 89101
5  Telephone: 702-388-6336
   Facsimile: 702-388-6787
6  Email: Michael.humphreys@usdoj.gov
```

1  DANIEL G. BOGDEN
United States Attorney
2  District of Nevada

3  MICHAEL A. HUMPHREYS
Assistant United States Attorney
4  333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
5  Telephone: 702-388-6336
Facsimile: 702-388-6787
6  Email: Michael.humphreys@usdoj.gov

7  Attorneys for the United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

UNITED STATES OF AMERICA,        )
                                 )
              Plaintiff,          )   Case No: 2:12-CR-00145-MMD-(GWF)
                                 )
      v.                          )
                                 )
RYAN MASTERS,                     )
                                 )
              Defendant.          )

## SETTLEMENT AGREEMENT, STIPULATION FOR ENTRY OF ORDER OF FORFEITURE AS TO RYAN MASTERS AND ORDER

The United States of America, by and through Daniel G. Bogden, United States Attorney for the District of Nevada, and Michael A. Humphreys, Assistant United States Attorney, and Ryan Masters by and through his counsel, Conor Flynn, stipulate as follows:

1. On October 10, 2012, the Grand Jury sitting in Las Vegas, Nevada, returned a Six Count Superceding Indictment against Ryan Masters (and Jack Newsome) charging them with violations of 18 U.S.C. § 371; 18 U.S.C. § 1029(a)(3); 18 U.S.C. § 1028A; and 18 U.S.C. § 2.

2. That indictment contained six separate, but related, forfeiture allegations that sought the forfeiture of the following items in connection with the defendant's alleged violations of 18 U.S.C. § 371; 18 U.S.C. § 1029(a)(3); 18 U.S.C. § 1028A; and 18 U.S.C. § 2.

    a. HP Laptop Computer G2, Serial No. CNF04061GZ;

    b. Google Cell Phone, Serial No. HT0CPP801312;

    c. Dell Precision M4400 / Toshiba 250 GB hard drive;

    d. Compaq Presario CQ56-115DX laptop (S/N CNF112038V) / Hitachi 250 GB hard drive.(S/N110228PBN238NSJSET8U);

    e. HP G62-347NR laptop (S/N CNF04061GZ) / Samsung 320 GB hard drive (S/N S25WJ9BZ923196);

    f. EliteGroup 332 laptop (S/N 96/F67W00002Q64200616) / Hitachi 40 GB hard drive (S/N XHDTVPAM);

    g. Garmin Nuvi GPS unit, serial number (s/n) 2J4261334;

    h. HP laptop model dm4-3055dx, S/N 2CE20637BD;

    i. Toshiba laptop, S/N ZB086068Q;

    j. Boost mobile phone ZTE model N860, s/n 320820391303;

    k. Galaxy SII mobile phone, S/N RQRBC19136J; and

    l. Garmin Nuvi GPS unit, S/N 1TA121071.

3. On November 5, 2012, defendant Ryan Masters was tried and convicted of all counts in the Superceding Indictment.

4. RYAN MASTERS knowingly and voluntarily agrees to the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the following property:

    a. HP Laptop Computer G2, Serial No. CNF04061GZ;

    b. Google Cell Phone, Serial No. HT0CPP801312;

    c. Dell Precision M4400 / Toshiba 250 GB hard drive;

2

1            d. Compaq Presario CQ56-115DX laptop (S/N CNF112038V) / Hitachi 250 GB

2        hard drive.(S/N110228PBN238NSJSET8U);

3            e. HP G62-347NR laptop (S/N CNF04061GZ) / Samsung 320 GB hard drive (S/N

4        S25WJ9BZ923196);

5            f. EliteGroup 332 laptop (S/N 96/F67W00002Q64200616) / Hitachi 40 GB hard

6        drive (S/N XHDTVPAM);

7            g. Garmin Nuvi GPS unit, serial number (s/n) 2J4261334;

8            h. HP laptop model dm4-3055dx, S/N 2CE20637BD;

9            i. Toshiba laptop, S/N ZB086068Q;

10           j. Boost mobile phone ZTE model N860, s/n 320820391303;

11           k. Galaxy SII mobile phone, S/N RQRBC19136J; and

12           l. Garmin Nuvi GPS unit, S/N 1TA121071.

13      RYAN MASTERS knowingly and voluntarily agrees to abandon or to forfeit the

14 property to the United States.

15      5. RYAN MASTERS knowingly and voluntarily agrees to relinquish all rights, title, and

16 interest in the property. However, the parties agree that all right title and interest in the property

17 described in Paragraph No. 4 may be restored to Mr. Masters should his conviction be vacated

18 on appeal.

19      6. RYAN MASTERS knowingly and voluntarily agrees to waive his right to any

20 abandonment proceedings, any civil administrative forfeiture proceedings, any civil judicial

21 forfeiture proceedings, or any criminal forfeiture proceedings ("proceedings") of the property.

22      7. RYAN MASTERS knowingly and voluntarily agrees to waive service of process of

23 any and all documents filed in this action or any proceedings concerning the property.

24      8. RYAN MASTERS knowingly and voluntarily agrees to waive any further notice to

25 him, his agents, or his attorneys regarding the forfeiture and disposition of the property.

26

9. RYAN MASTERS knowingly and voluntarily agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the property. .However, this Waiver does not prohibit RYAN MASTERS from arguing on appeal that the property described in Paragraph 4 was the fruit of an unlawful search and/or seizure. If RYAN MASTERS is successful on his appeal, the parties agree that he may claim an interest in or title to the property described in Paragraph No. 4

10. RYAN MASTERS knowingly and voluntarily agrees to withdraw any claims, answers, counterclaims, petitions, or other documents he filed in any proceedings concerning the property.

11. RYAN MASTERS knowingly and voluntarily agrees to waive the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7 and 32.2, the constitutional requirements, and the constitutional due process requirements of any abandonment proceedings or any forfeiture proceedings concerning the property.

12. RYAN MASTERS knowingly and voluntarily agrees to waive his right to a trial on the forfeiture of the property.

13. RYAN MASTERS knowingly and voluntarily agrees to waive (a) all constitutional, legal, and equitable defenses to, (b) any constitutional or statutory double jeopardy defense or claim concerning, and (c) any claim or defense under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fines or cruel and unusual punishments in any abandonment proceeding, any civil administrative forfeiture proceeding, any civil judicial forfeiture, or criminal forfeiture proceeding concerning the property. However, this Waiver does not prohibit RYAN MASTERS from arguing on appeal that the property described in Paragraph 4 was the fruit of an unlawful search and/or seizure. If RYAN MASTERS is successful on his appeal, the parties agree that he may claim an interest in or title to the property described in Paragraph No. 4

4

14. RYAN MASTERS knowingly and voluntarily agrees to the entry of an Order of Forfeiture of the property to the United States.

15. RYAN MASTERS understands that the forfeiture of the property shall not be treated as satisfaction of any assessment, restitution, fine, cost of imprisonment or any other penalty that may be imposed in addition to forfeiture.

16. RYAN MASTERS knowingly and voluntarily agrees to the conditions set forth in this Settlement Agreement, Stipulation for Entry of Order of Forfeiture as to RYAN MASTERS, and Order ("Settlement Agreement").

17. RYAN MASTERS knowingly and voluntarily agrees to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States FEDERAL BUREAU OF INVESTIGATION, their parent- and/or sub-agencies, their agents, and their employees from any claim made by him or any third party arising from the facts and circumstances of this case.

18. RYAN MASTERS knowingly and voluntarily releases and forever discharges the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States FEDERAL BUREAU OF INVESTIGATION, their parent- and/or sub-agencies, their agents, and their employees from any and all claims, rights, or causes of action of any kind that RYAN MASTERS now has or may hereafter have on account of, or in any way growing out of, the seizures and the forfeitures of the property in the abandonment, the civil administrative forfeitures, the civil judicial forfeitures, and the criminal forfeitures. . However, this Waiver does not prohibit RYAN MASTERS from arguing on appeal that the property described in Paragraph 4 was the fruit of an unlawful search and/or seizure. If RYAN MASTERS is successful on his appeal, the parties agree that he may claim an interest in or title to the property described in Paragraph No. 4. Each party acknowledges and warrants that its execution of the Settlement Agreement is free and is voluntary.

20. The Settlement Agreement contains the entire agreement between the parties.

5

21. Except as expressly stated in the Settlement Agreement, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into the Settlement Agreement, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing the Settlement Agreement.

22. After the property is forfeited in the criminal case and the United States District Court has signed the Settlement Agreement concerning the property, within ninety days after all appeals have been exhausted in this matter, the United States knowingly and voluntarily agrees to transfer the following property to RYAN MASTERS.

**Seized Items Specified In the Preliminary Order of Forfeiture:**

    a. Garmin Nuvi GPS unit, serial number (s/n) 2J4261334;

    b Boost mobile phone ZTE model N860, s/n 320820391303;

    c. Galaxy SII mobile phone, S/N RQRBC19136J; and

    d. Garmin Nuvi GPS unit, S/N 1TA121071.

In addition to the foregoing items, the United States agrees to return the following items, not designated in the Preliminary Order of Forfeiture, to Ryan Masters under the same terms and conditions noted in this paragraph.

**Seized Items Not Specified In The Preliminary Order of Forfeiture:**

    a. Sprint LN240 Cell Phone, S/N 101KPKN0758061;

    b. Fujifilm S2700HD Digital Camera, S/N OSA26131;

    c. Sony Play Station Portable with Memory Card, S/N AV703289658PSP3001;

    d. Samsung Cell Phone, S/N RQUZ128400Z;

    e Sony Play Station-2 8MB Memory Card with the handwritten notation, DRR; and

    f. Garmin Nuvi GPS, S/N 1WM349815.

23. The persons signing the Settlement Agreement warrant and represent that they have full authority to execute the Settlement Agreement and to bind the persons and/or entities, on whose behalf they are signing, to the terms of the Settlement Agreement.

24. This Settlement Agreement shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to, and/or arising from, this Settlement Agreement is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

25. Each party shall bear their or its own attorneys' fees, expenses, interest, and costs.

26. This Settlement Agreement shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Settlement Agreement.

7

1    IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was

2  reasonable cause for the seizure and forfeiture of the property.

3

4  ARMSTRONG TEASDALE                          DANIEL G. BOGDEN
                                               United States Attorney
5

6  CONOR FLYNN                                 MICHAEL A. HUMPHREYS
   Counsel For Ryan Masters                    Assistant United States Attorney

7  DATED: 10-24-13                             DATED: 10 28 13

8

9

10 RYAN MASTERS

11 DATED: 10/24/13

12

13

14

15

16                                             IT IS SO ORDERED:

17

18                                             UNITED STATES DISTRICT JUDGE

19                                             DATED: October 24, 2013

20

21

22

23

24

25

26

                                     8