UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:12-cr-00145-MMD-GWF |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| RYAN MASTERS, | |
| Defendant. | |

## I.  SUMMARY

Before the Court is Defendant Ryan Masters' Motion for Release Pending Sentencing Pursuant to 18 U.S.C. § 3143(a) ("Motion"). (Dkt. no. 283.) The Court previously denied numerous requests for release, including a request for release pending appeal. Masters offered additional arguments to support his request, but these arguments do not dissuade the Court that he remains a flight risk and an economic danger to the community.

## II. BACKGROUND

The Grand Jury indicted Masters on April 25, 2012. Five days later, Masters was arrested outside of a Best Buy in the District of Arizona. Evidence at trial showed that Masters was attempting to use an access device in a fraudulent manner. Masters was interviewed by Pretrial Services in the District of Arizona, which recommended detention based on its conclusion that no condition or combination of conditions could be

fashioned to reasonably assure either Masters' appearance or the safety of the community. At the Fed. R. Crim. P. 5 hearing, United States Magistrate Judge Edward C. Voss ordered that Masters be detained because he found there was a risk of nonappearance and a danger to the community. Masters was subsequently transferred to the District of Nevada.

Masters was ordered detained by Magistrate Judge George Foley, Jr. on May 18, 2012, when he made his initial appearance in this case. (Dkt. no. 7.) He moved to reopen the detention hearing on June 27, 2012, contending that his due process rights were violated because he was not interviewed by Pretrial Services in either the District of Arizona, where he was arrested pursuant to a warrant from this Court, or the District of Nevada. (Dkt. no. 18.) The Magistrate Judge denied his motion, finding that Pretrial Services in the District of Arizona conducted a detailed interview. (Dkt. no. 19.) Masters moved for reconsideration, which was denied. (Dkt. nos. 28, 29.) Masters objected to that decision on August 21, 2012. (Dkt. no. 34.) After full briefing on Masters' objection, this Court conducted a de novo review and affirmed the Magistrate Judge's decision. (Dkt. no. 44.)

On November 5, 2012, the jury returned a verdict of guilty on six counts in the Superseding Indictment, including conspiracy to possess fifteen (15) or more access devices or unauthorized access devices and effecting fraudulent transactions with access devices from May 2010 to April 2012. (Dkt. no. 104.) Masters was remanded to custody and sentencing was scheduled for February 25, 2013, but ultimately continued for approximately ten months. (Dkt. nos. 98, 140, 179, 193.) In the meantime, Masters again moved for release pending sentence, but his request was denied. (Dkt. nos. 200, 204.)

Sentencing and an evidentiary hearing occurred on October 15 and October 24, 2013. (Dkt nos. 227, 234.) The Court held another hearing on October 31, 2013, to correct a clerical error. (Dkt. no. 242.) On November 4, 2013, the Court entered Judgment, sentencing Masters to a total of 109 months on six counts of conviction. (Dkt.

no. 243.) The Judgment was subsequently amended to correct a minor clerical error. (Dkt. no. 278.)

On appeal, the Ninth Circuit Court of Appeals affirmed Masters' conviction but found that the Court erred in applying a 2 level enhancement under the United States Sentencing Guidelines. (Dkt. no. 323.) Accordingly, the Ninth Circuit remanded for re-sentencing. (*Id.*) The sentencing hearing is scheduled for January 28, 2015. (Dkt. no. 331.)

On November 20, 2015, Masters filed yet another motion, seeking release pending resentencing. (Dkt. no. 336.) The government opposes Masters' Motion. (Dkt. no. 337.)

### III. DISCUSSION

A defendant may be released while awaiting imposition or execution of sentence only if the judge finds "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community." 18 U.S.C. § 3143(a)(1). "The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant." Fed. R. Crim. P. 46(c).

Masters offers the following additional arguments to demonstrate his circumstances have changed such that the Court should release him pending resentencing: (1) Masters' father, Randall Masters, moved from Michigan to Las Vegas in August 2015 and is willing to permit Masters to live with him and he "will seek to ensure his [Masters] attendance at trial" (dkt. no. 336-1); and (2) Masters anticipated a significantly lower sentence because of the elimination of the 2 level enhancement, changes to the Sentencing Guidelines and Masters' additional argument for a downward departure based on his mental health (dkt. no. 336, 338).[1] These two arguments addressed two of the factors that led to the Court's decision to deny Masters' request for

---

[1] Of course, the Court did consider Masters' mental health in imposing his 109 months sentence.

release pending appeal — Masters' lack of ties to the Las Vegas community and his lengthy sentence. (Dkt. no. 287.) However, they are not enough to satisfy Masters' burden of showing by clear and convincing evidence that he is not a flight risk or pose an economic danger to the community.

First and foremost, the Court found that Masters was a flight risk both before Masters was convicted, when the burden to demonstrate flight risk was carried by the government under a preponderance of the evidence standard, and after Masters was convicted, when Masters had the burden to show that he is not a flight risk under a clear and convincing evidence standard. (Dkt. nos. 44, 204, 287.)

In denying Masters' last request for release pending appeal, the Court reiterated its previous findings, after considering the four factors under 18 U.S.C. § 3142(g):[2]

> In particular, the Court found that Masters did not have strong community ties to Las Vegas. (*Id.*) He had resided at his most recent address for only a month before being detained and did not challenge the government's contention that he had lived at four different addresses since May 2011 and only for about two (2) to five (5) months at each location. (*Id.*) The Court also found that Masters was a flight risk because of an outstanding warrant in connection with a charge for fraudulent activities from 2005 and noncompliance with probation in connection with a charge for scheme to defraud from 2006. (*Id.*) The Court further found that Masters had failed to challenge the government's contention that Masters stated that, if arrested, he would flee. (*Id.*) In denying Masters' request for release pending sentencing, the Court found that Masters offered no additional information to cause the Court to reconsider its decision to detain, particularly in light of the shift in the burden of proof. (Dkt. no. 204.) Moreover, Masters' sentence of 109 months increases the risk that he might flee. As the Court found during sentencing, Masters has made previous attempts to evade law enforcement. (Dkt. no. 261 at 213-14.) Evidence at trial also shows that after Masters was arrested in May 2011, he continued to engage in access device fraud and checked a website regularly for any warrants against him. (*Id.* at 213-14.)
>
> The Court further finds that Masters fails to establish by clear and convincing evidence that he does not pose an economic danger to the safety of the community. Masters was convicted of schemes to defraud in 2006 in Jacksonville, Florida and was sentenced to three hundred sixty-four (364) days and four (4) years of probation with probation ultimately revoked. (Dkt. no. 261 at 213.) Masters was released in 2009 and became

---

[2]These factors are: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community should the person be released. 18 U.S.C. § 3142(g).

involved in the conspiracy in this case. Evidence at trial shows that after Masters decided to return to Las Vegas, he told his co-conspirator Jack Newsome that he would "hit all the Best Buys" as he crossed the country. (*Id.* at 213.) Masters was also involved in a similar access device scheme in case no. 2-11-cr-00223-JAD-CWH and had provided Newsome the Credit Master program used to generate fraudulent gift cards in that case. (*Id.* at 196-98.)

(Dkt. no. 287 at 4-5.)

Masters' father's residence in Las Vegas may affect part of the Court's earlier analysis, but it is not enough to counter evidence that Masters poses a flight risk based on his history and characteristic and the nature and circumstances of the offenses as explained in the Court's earlier order. (*Id.*) While Masters' sentence will be reduced when the Court eliminates the 2 level enhancement, Masters' remaining time in custody will nevertheless be a factor that the Court has to consider in weighing his fight risk and the danger to the community.

In sum, the two arguments that Masters offered are not sufficient to meet his burden of establishing by clear and convincing evidence that he does not pose a flight risk or an economic danger to the community and no condition or combination of conditions can reasonably assure his appearance.

## IV.  CONCLUSION

It is therefore ordered that Defendant Ryan Masters' Motion for Release Pending Sentencing Pursuant to 18 U.S.C. § 3143(a) (dkt. no. 336) is denied.

DATED THIS 15th day of December 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE