# UNITED STATES DISTRICT COURT

District of __Nevada__

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>RYAN MASTERS | **SECOND AMENDED JUDGMENT IN A CRIMINAL CASE**<br>Case Number: 2:12-cr-145-MMD-GWF<br>USM Number: 67896-308 |

**Date of Original Judgment:** 1/15/2014
(Or Date of Last Amended Judgment)

Kevin Stolworthy
Defendant's Attorney

**Reason for Amendment:**

☑ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant  ☐ 28 U.S.C. § 2255 or
   ☐ 18 U.S.C. § 3559(c)(7)
☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☑ was found guilty on count(s) __1s - 6s of Superseding Indictment__ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC §371 | Conspiracy | 4/1/2012 | 1s |
| 18 USC §1029(a)(3) & (c)(1)(A)(i) & 18 USC §2 | Possession of 15 or More Counterfeit or Unauthorized Access Devices, Aiding and Abetting | 6/18/2010 | 2s |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

4/20/2016
Date of Imposition of Judgment

_[signature]_
Signature of Judge

MIRANDA M. DU,            U.S. DISTRICT JUDGE
Name and Title of Judge

April 27, 2016
Date

AO 245C  (Rev. 02/06) Amended Judgment in a Criminal Case
        Sheet 1A
Case 2:12-cr-00145-MMD-GWF   Document 385   Filed 04/28/16   Page 2 of 11
(NOTE: Identify Changes with Asterisks (*))

Judgment — Page 2 of 7

DEFENDANT: RYAN MASTERS
CASE NUMBER: 2:12-cr-145-MMD-GWF

# ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC §1029(a)(3) & (c)(1)(A)(i) & 18 USC §2 | Possession of 15 or More Counterfeit or Unauthorized Access Devices, Aiding and Abetting | 6/27/2010 | 3s |
| 18 USC §1029(a)(3) & (c)(1)(A)(i) & 18 USC §2 | Possession of 15 or More Counterfeit or Unauthorized Access Devices, Aiding and Abetting | 4/12/2011 | 4s |
| 18 USC §1027A(a)(1) | Aggravated Identity Theft | 4/10/2011 | 5s |
| 18 USC §1029(a)(3) & (c)(1)(A)(i) & 18 USC §2 | Possession of 15 or More Counterfeit or Unauthorized Access Devices, Aiding and Abetting | 5/2/2011 | 6s |

AO 245C (Rev. 02/08 Amended Judgment in a Criminal Case
Sheet 2 — Imprisonment          (NOTE: Identify Changes with Asterisks (*))

Case 2:12-cr-00145-MMD-GWF   Document 385   Filed 04/28/16   Page 3 of 11

Judgment — Page 3 of 7

DEFENDANT: RYAN MASTERS
CASE NUMBER: 2:12-cr-145-MMD-GWF

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :

75 months, as follows: 1 month as to Count 1s, to be served consecutive to the sentence imposed as to Counts 2s, 3s, 4s, and 6s; 50 months per count as to Counts 2s, 3s, 4s, and 6s, to be served concurrent with Count 1s; 24 months as to Count 5s, to be served consecutively to the sentence imposed as to Counts 1s, 2s, 3s, 4s, and 6s. *

☑ The court makes the following recommendations to the Bureau of Prisons:

that the Bureau of Prisons conduct a re-designation review upon receipt of the Second Amended Judgment. The Court recommends that Defendant not be re-designated to FCI Victorville or any facility in California. The Court recommends that he be designated to serve his term at a smaller facility outside California that has mental health treatment, if available. *

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 02/08 Amended Judgment in a Criminal Case) Case 2:12-cr-00145-MMD-GWF Document 385 Filed 04/28/16 Page 4 of 11
Sheet 3 — Supervised Release (NOTE: Identify Changes with Asterisks (*))

Judgment—Page 4 of 7

DEFENDANT: RYAN MASTERS
CASE NUMBER: 2:12-cr-145-MMD-GWF

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

3 Years per Count, CONCURRENT for Counts 1s, 2s, 3s, 4s, and 6s. 1 Year, CONSECUTIVE as to Count 5s.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually. Revocation is mandatory for refusal to comply.

- [x] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

- [ ] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

- [x] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

- [ ] The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C . § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check, if applicable.)

- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

AO 245C (Rev. 02/16) Amended Judgment in a Criminal Case
Sheet 3C — Supervised Release  (NOTE: Identify Changes with Asterisks (*))
Case 2:12-cr-00145-MMD-GWF   Document 385   Filed 04/28/16   Page 5 of 11

Judgment—Page 5 of 7

DEFENDANT: RYAN MASTERS
CASE NUMBER: 2:12-cr-145-MMD-GWF

## SPECIAL CONDITIONS OF SUPERVISION

1. Possession of Weapons - You shall not possess, have under your control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state, or local law.
2. Warrantless Search - To ensure compliance with all conditions of release, the defendant shall submit to the search of his person, and any property, residence, business or automobile under his control by the probation officer, or any other authorized person under the immediate and personal supervision of the probation officer without a search warrant at a reasonable time and in a reasonable manner. Provided, however, the defendant shall be required to submit to any search only if the probation officer has reasonable suspicion to believe the defendant has violated a condition or conditions of release.*
3. Mental Health Treatment - You shall participate in and successfully complete a mental health treatment program, which may include testing, evaluation, and/or outpatient counseling, as approved and directed by the probation office. You shall refrain from the use and possession of beer, wine, liquor, and other forms of intoxicants while participating in mental health treatment. Further, you shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation office based upon your ability to pay.
4. Debt Obligations - You shall be prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without the approval of the probation officer.
5. Access to Financial Information - You shall provide the probation officer access to any requested financial information, including personal income tax returns, authorization for release of credit information, and any other business financial information in which you have a control or interest.
6. Computer Restriction and Monitoring - You shall provide the probation officer with accurate information regarding your entire computer system, including all related digital devices with memory and all passwords and internet service providers; you shall allow the installation of any software/hardware on your computer by the probation officer, and you shall abide by all rules of the Computer Restriction and Monitoring Programs Agreement.
7. True Name - You shall use your true name at all times and will be prohibited from the use of any aliases, false dates of birth, social security numbers, places of birth, and any other pertinent demographic information.
8. No Contact Condition - You shall not have contact, directly or indirectly, associate with, or be within 500 feet of Jack Newsome, his residence or business, and if confronted by Jack Newsome in a public place, you shall immediately remove yourself from the area.
9. Report to Probation Officer After Release from Custody - You shall report, in person, to the probation office in the district to which you are released within 72 hours of discharge from custody.
10. You shall be confined to home confinement with location monitoring, if available, for a period of ten(10) months. You shall pay the costs of the program as directed by the Probation Officer, based upon your ability to pay. *

### ACKNOWLEDGEMENT

Upon finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)  _____   _____
          Defendant                          Date

         _____   _____
         U.S. Probation/Designated Witness   Date

AO 245C  (Rev. 02/08 Amended Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties   (NOTE: Identify Changes with Asterisks (*))

Case 2:12-cr-00145-MMD-GWF   Document 385   Filed 04/28/16   Page 6 of 11

Judgment — Page 6 of 7

DEFENDANT: RYAN MASTERS
CASE NUMBER: 2:12-cr-145-MMD-GWF

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 600.00 | $ | $ 191,906.26 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| American Express | $62,684.00 | $62,684.00 | |
| Best Buy | $102,128.74 | $102,128.74 | |
| Chase Bank | $2,307.97 | $2,307.97 | |
| Fidelity Information Services LLC | $23,921.00 | $23,921.00 | |
| Wells Fargo Bank | $864.55 | $864.55 | |
| **TOTALS** | $ 191,906.26 | $ 191,906.26 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for    ☐ fine    ☐ restitution.

☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C  (Rev. 02/08) Amended Judgment in a Criminal Case  Case 2:12-cr-00145-MMD-GWF   Document 385   Filed 04/28/16   Page 7 of 11
Sheet 6 — Schedule of Payments
(NOTE: Identify Changes with Asterisks (*))

Judgment — Page  7  of  7

DEFENDANT: RYAN MASTERS
CASE NUMBER: 2:12-cr-145-MMD-GWF

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  ☑  Lump sum payment of $ 192,506.26  due immediately, balance due

  ☐ not later than _____ , or
  ☑ in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☑ F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of  $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of  $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☑  Special instructions regarding the payment of criminal monetary penalties:

   Any unpaid balance shall be paid at a monthly rate of not less than 10% of any income earned during incarcerations and/or gross income while on supervision, subject to adjustment by the Court based upon ability to pay.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑  Joint and Several

   Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

   Joint and Several with Co-Defendant, Jack Newsome, 2:12-cr-145-MMD-GWF-2

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☑  The defendant shall forfeit the defendant's interest in the following property to the United States:
   See attached Second Amended Final Order of Forfeiture (attached.)

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) 2:12-CR-145-MMD-(GWF) |
| RYAN MASTERS, | ) |
| Defendant. | ) |

**SECOND AMENDED FINAL ORDER OF FORFEITURE**

The United States District Court for the District of Nevada entered a Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2); Title 18, United States Code, Section 1029(c)(1)(C); Title 18, United States Code, Section 981(a)(1)(C) with Title 28, United States Code, Section 2461(c); and Title 18, United States Code, Section 982(a)(2)(B) based upon the jury verdict finding defendant RYAN MASTERS guilty of the criminal offenses, forfeiting specific property set forth in the Forfeiture Allegations of the Superseding Criminal Indictment and shown by the United States to have the requisite nexus to the offenses to which defendant RYAN MASTERS was found guilty. Superseding Criminal Indictment, ECF No. 49; Minutes of Jury Trial, ECF No. 98; Verdict Form, ECF No. 104; Preliminary Order of Forfeiture, ECF No. 235.

On October 24, 2013, the Court granted a Settlement Agreement, Stipulation for Entry of Order of Forfeiture as to Ryan Masters and Order (ECF No. 237) in which Ryan Masters agreed to forfeit the property and the United States agreed to return specific property to defendant RYAN MASTERS. Settlement Agreement, ECF No. 237.

1  This Court finds the United States of America published the notice of forfeiture in accordance
2  with the law via the official government internet forfeiture site, www.forfeiture.gov, consecutively
3  from October 29, 2013, through November 27, 2013, notifying all potential third parties; and notified
4  known third parties by personal service or by regular mail and certified mail return receipt requested,
5  of their right to petition the Court. Notice of Filing Proof of Publication, ECF No. 264.

6  On February 18, 2014, the United States Marshals Service personally served Travis Wayne
7  Creneans with the Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process,
8  ECF No. 291.

9  This Court finds no petition was filed herein by or on behalf of any person or entity and the
10 time for filing such petitions and claims has expired.

11 This Court finds no petitions are pending with regard to the assets named herein and the time
12 for presenting such petitions has expired.

13 THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that all right,
14 title, and interest in the property hereinafter described is condemned, forfeited, and vested in the
15 United States of America pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B); Fed. R. Crim. P.
16 32.2(c)(2); Title 18, United States Code, Section 1029(c)(1)(C); Title 18, United States Code, Section
17 981(a)(1)(C) with Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section
18 982(a)(2)(B); and Title 21, United States Code, Section 853(n)(7) and shall be disposed of consistent
19 with the terms and conditions embodied in the Settlement Agreement (ECF No. 237) and according to
20 the law:

21  1. Google Cell Phone, Serial No. HT9CPP801312 with magnetic stripe reader;
22  2. Dell Precision M4400 / Toshiba 250 GB hard drive (s/n 4058B9CZB);
23  3. Compaq Presario CQ56-115DX laptop (s/n CNF112038V) / Hitachi 250 GB hard
24     drive (s/n 110228PBN238NSJSET8U);
25  4. HP G62-347NR Laptop (s/n CNF04061GZ) / Samsung 320 GB hard drive (s/n
26     S25WJ9BZ923196);

2

5. EliteGroup 332 laptop (s/n 96F67W00002Q64200515) / Hitachi 40 GB hard drive (s/n XHDTVPAM);

6. Garmin Nuvi GPS unit, serial number (s/n) 2J4261334;

7. HP laptop model dm4-3055dx, s/n 2CE20637BD;

8. Toshiba laptop, s/n ZB086068Q;

9. Boost mobile phone ZTE model N860, s/n 320820391303;

10. Galaxy SII mobile phone, s/n RQRBC19136J; and

11. Garmin Nuvi GPS unit, s/n 1TA121071.

    A. The United States shall maintain sole proprietary interest in the following items, once forfeited:

        i. Google Cell Phone, Serial No. HT9CPP801312 with magnetic stripe reader;

        ii. Dell Precision M4400 / Toshiba 250 GB hard drive (s/n 4058B9CZB);

        iii. Compaq Presario CQ56-115DX laptop (s/n CNF112038V) / Hitachi 250 GB hard drive (s/n 110228PBN238NSJSET8U);

        iv. HP G62-347NR Laptop (s/n CNF04061GZ) / Samsung 320 GB hard drive (s/n S25WJ9BZ923196);

        v. EliteGroup 332 laptop (s/n 96F67W00002Q64200515) / Hitachi 40 GB hard drive (s/n XHDTVPAM);

        vi. HP laptop model dm4-3055dx, s/n 2CE20637BD; and

        vii. Toshiba laptop, s/n ZB086068Q.

    B. FURTHERMORE consistent with the conditions and timing discussed in the aforementioned Settlement Agreement (ECF No. 237) the United States agrees to return the following items to the defendant:

**Seized Items Specified in the Preliminary Order of Forfeiture:**

        i. Garmin Nuvi GPS unit, serial number (s/n) 2J4261334;

3

       ii.    Boost mobile phone ZTE model N860, s/n 320820391303;

      iii.    Galaxy SII mobile phone, S/N RQRBC19136J; and

      iv.    Garmin Nuvi GPS unit, S/N 1TA121071.

**Seized Items Not Specified in the Preliminary Order of Forfeiture:**

      i.    Sprint LN240 Cell Phone, S/N 101KPKN0758061;

      ii.    Fujifilm S2700DH Digital Camera, S/N OSA26131;

      iii.    Sony Play Station Portable with Memory Card, S/N AV703289658PSP3001;

      iv.    Samsung Cell Phone, S/N RQUZ128400Z;

      v.    Sony Play Station-2 8MB Memory Card with the handwritten notation, DRR; and

      vi.    Garmin Nuvi GPS, S/N 1WM349815.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any and all forfeited funds, including but not limited to, currency, currency equivalents, certificates of deposit, as well as any income derived as a result of the United States of America's management of any property forfeited herein, and the proceeds from the sale of any forfeited property shall be disposed of according to law.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record.

DATED this 20th day of April, 2016.

_____
UNITED STATES DISTRICT JUDGE

4