Ryan Masters #67896-308
Federal Correctional Institution
Coleman Medium
PO Box 1032
Coleman, FL 33521-1032



## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

## LAS VEGAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>vs.<br><br>RYAN MASTERS,<br><br>                Defendant. | Case No.: 2:12-CR-00145-MMD-GWF<br><br>MOTION TO TRANSFER JURISDICTION OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C. §3605 |

COMES NOW, Defendant RYAN MASTERS (hereinafter "Defendant"), pro se, hereby files this MOTION TO TRANSFER JURISDICTION OF SUPERVISED RELEASE pursuant to Title 18, United States Code § 3605. Defendant submits that good cause exists for the transfer of Supervised Release to the jurisdiction of the Middle District of Florida. Notwithstanding any Local Rules of this Court regarding the submission of pro se filings, Defendant submits this instant Motion with a request of waiver of Local Rule IA 11-6(a) as allowed by this Court's Local Rule IA 1-4.

<u>ARGUMENT</u>

### I. THE INTEREST OF JUSTICE REQUIRES THAT THIS COURT ENTERTAIN DEFENDANT'S INSTANT MOTION NOTWITHSTANDING LOCAL RULE IA 11-6(a).

Local Rule IA 1-4 permits the Court to waive or dispense with Local Rule IA 11-6(a). Local Rule IA 11-6(a) provides, in pertinent part; "[a] party who has appeared by attorney cannot while so represented appear or act in the case". Local Rule IA 11-6(a). This Local Rule, given its plain language, would otherwise preclude Defendant from filing this

-1-

instant Motion while being represented by counsel.

The Defendant has requested that Counsel, Kevin Stolworthy, file a motion requesting the relief sought in this instant Motion. However, Mr. Stolworthy advised the Defendant that this was outside the scope of his representation and that [the Defendant] should be able to file [this motion] pro se.

Local Rule IA 1-4 permits the courts to "change, dispense with, or waive any of these rules if the interest of justice so require".

Furthermore, the Court may sua sponte or on motion waive or dispense with these rules. Id. Fur purposes of this waiver, the instant Motion shall be construed as a request to waive Local Rule 11-6(a) to allow this instant Motion to be considered by this Court.

## II. DEFENDANT'S SUPERVISED RELEASE SHOULD BE TRANSFERRED TO THE MIDDLE DISTRICT OF FLORIDA BASED ON CHANGED CIRCUMSTANCES.

At the time of Defendant's resentencing, the Defendant had at least one family member residing in the State of Nevada. Specifically, Defendant's father, Randall Masters, resided in Nevada until late 2016. Defendant's father's continued residence in Nevada was contingent upon Defendant's timely release from incarceration, however, such timely release did not occur.[1]

Defendant has made a good-faith attempt at contacting the Nevada Probation Office for assistance in pre-release planning pursuant to Probation's duty to do so. See 18 U.S.C. §3624(c)(3). However, the Nevada Probation has failed to acknowledge or respond to any of Defendant's

---

[1] Defendant was eligible to release to a Residential Re-Entry Center (RRC) in November 2016. However, the Federal Bureau of Prisons deemed Defendant unfit for existence in the community, contrary to this Court's intent and recommendation. The Federal Bureau of prisons has declined to provide Defendant with any RRC placement or with any pre-release transitional services, generally afforded to inmates in its custody. Defendant is due to be released "directly to the street" on November 21, 2017, without any benefit of transitional assistance.

correspondence within the previous 90 days.

Defendant is presently confined in a Federal Correctional Institution located in Coleman, Florida. This institution provides information to inmates about local services and social support services offered within the State of Florida. However, no similar information is provided or made available relating to the State of Nevada. After numerous consultations with the Institution's social worker, no viable release plan has been established due to the lack of information regarding Nevada resources.

Defendant has previously resided in the State of Florida and presently holds a valid Florida Driver's License. Defendant has identified several resources in the State of Florida that potentially would aid in Defendant's release and/or supervision. Due to classification concerns related to the Federal Bureau of Prisons operation of prisons located in the Western region of the country, it is imperative that Defendant remain geographically situated in the Eastern region while Defendant is on Supervised Release and the threat of continued imprisonment looms over Defendant. Although Defendant intends to make an earnest effort in complying with the conditions of Supervised Release imposed by this Court, the Defendant concedes that the likelihood of success is greatly diminished based on the the severe lifestyle restrictions coupled with the unduly burdensome obligations of Defendant (including financial obligations for "mental health treatment", restitution, and other conditions). The limited resources and opportunities available to the Defendant, as compared to that of other defendants, takes Defendant's case outside of the heartland of traditional supervised release cases.

Defendant's father has temporarily moved out of the State of Nevada and has essentially put his own life "on hold" while awaiting my ultimate, unconditional release from imprisonment and supervision. Defendant's

father has expressed interest in relocating to the State of Florida during the period of supervision, however, such intention is contingent upon favorable socioeconomic circumstances of Defendant's father.

## CONCLUSION

Based on the foregoing, Defendant respectfully requests that his Supervised Release be transferred to the Middle District of Florida pursuant to 18 U.S.C. §3605 and that he be ordered to report to a Probation office in that District upon his release from imprisonment in November, 2017.

Such transfer of jurisdiction will allow Defendant to participate in local community resource programming based on the information available at this place of confinement. Defendant further states that denial of this Motion will result in prejudice against Defendant as his opportunities for successful re-entry are foreclosed by the current state of his re-entry affairs.

DATED this 27th day of March, 2017.

Respectfully submitted,

Ryan Masters
#67896-308
FCI Coleman Medium
PO Box 1032
Coleman, FL 33521-1032

## CERTIFICATE OF SERVICE

I, RYAN MASTERS, hereby certify that I have served a true and correct copy of the foregoing NOTICE OF CHANGE OF ADDRESS, MOTION TO TRANSFER JURISDICTION OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C. § 3605 to the following parties, by placing a copy of the same for deposit within the United States Postal Service, First-Class postage prepaid, and that such mailing occurred on the 27th day of March, 2017, to:

United States District Court
Attn: Clerk
333 Las Vegas Blvd. So.
Las Vegas, NV 89101

and

Kimberly M. Frayn
U.S. Attorney's Office
501 Las Vegas Blvd So. STE 1100
Las Vegas, NV 89101

_____
Ryan Masters