UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:12-cr-00145-MMD-GWF |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| RYAN MASTERS, | |
| Defendant. | |

On April 20, 2016, the Court held a re-sentencing hearing to impose sentence consistent with the Ninth Circuit's order of remand. (ECF No. 382.) The Court imposed a total sentence of 75 months on six counts of conviction, and three (3) years of supervised release on all counts to be served concurrently.[1] (ECF No. 410.) The Court imposed home confinement for a period of ten (10) months and limitations on debt obligations as special conditions of supervised release. (ECF No. 410 at 5.) Masters now moves to modify these two conditions ("Motion"). (ECF No. 418.) The government opposes (ECF No. 420) and Masters has replied (ECF No. 421). For the reasons discussed below, Masters' Motion is denied.

"The court may modify . . . the conditions of . . . probation at any time prior to the expiration or termination of probation, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the conditions of probation." 18 U.S.C. 3563(c). District courts are

---

[1] The judgment entered on April 28, 2016, was amended on August 11, 2017, to correct an error after Masters' second appeal. (ECF Nos. 385, 409, 410.)

vested with broad discretion to decide whether to modify conditions of probation. See *United States v. Nixon,* 839 F.3d 885, 887 (9th Cir. 2016) (district court did not abuse its discretion in denying request to modify conditions of probation).

Masters asks the Court to reconsider imposing home confinement on several grounds, including the contention that the condition was not recommended, was not imposed at his first sentencing, is not supported by evidence and significantly imposed on his liberty interest. (ECF No. 418 at 2-4.) However, the Court found that Masters could benefit from mental health treatment and fashioned the home confinement special condition to ensure that he receives mental health treatment in a structured environment while still protecting the public. (ECF No. 395 at 87-88, 96.) In other words, the Court opted to impose home confinement to facilitate mental health treatment because of the uncertainty as to whether Masters would receive mental health treatment while in custody, and imposed a custody sentence accordingly. The Court sees no reason to reconsider. Masters explains that he does not have any residence options available in Las Vegas and would benefit from a program offered at the Ridge House in Reno. (*Id.* at 4.) As the government pointed out, Masters' probation officer will work with him to obtain suitable housing option and will seek intervention from the Court if needed. (ECF No. 420 at 5-6.)

Masters also asks the Court to modify the debt obligation special condition to permit him to sufficiently rebuild a positive credit history. (ECF No. 418 at 5.) In particular, Masters asks that he be permitted to have a revolving credit debt ceiling of $500, subject to adjustment, to avoid the need to seek "near-daily approval" from his probation officer. The Court imposed this condition for the purposes of deterrence and protection of the public because of the nature and circumstances of Masters' fraudulent conduct. (ECF No. 395 at 94.) The Court thus declines to modify the debt obligation special condition. Moreover, as the government pointed out, Masters can work with his probation officer to establish such a credit limitation depending on how he does while on supervised release. (ECF No. 420 at 6.)

///

It is therefore ordered that Masters' motion to modify conditions of supervised release (ECF No. 418) is denied.

DATED THIS 31st day of October 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE