# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:12-cr-00145-MMD-GWF |
| Plaintiff, | |
| v. | ORDER |
| RYAN MASTERS, | |
| Defendant. | |

Defendant Ryan Masters filed a motion to vacate or set aside a sentence pursuant to 28 U.S.C. § 2255 ("Motion"), which was stayed pending Masters' direct appeal. (ECF No. 386, 394.) After the stay was lifted, the Court directed the government to respond to the Motion. (ECF No. 416.) In response, the government filed an application for an order deeming the attorney-client privilege waived ("Application"). (ECF No. 422.) The time to respond has expired and Masters has not opposed.

It is well established that "where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer."*Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) (en banc). "The defendant impliedly waives his attorney-client privilege the moment he files a habeas petition alleging ineffective assistance of counsel." *Lambright v. Ryan*, 698 F.3d 808, 818 (9th Cir. 2012) (citing *Bittaker*, 331 F.3d at 716). This rule, which has been identified as "the fairness principle," ensures that "parties in ligation may not abuse the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials." *Bittaker*, 331 F.3d at 719. The waiver of the attorney-client privilege, however, is limited to the adjudication of the ineffective assistance of counsel claim in the federal habeas case. *See Bittaker,* 331 F.3d at 727-28

("[D]istrict courts have the obligation, whenever they permit discovery of attorney-client materials as relevant to the defense of ineffective assistance of counsel claims in habeas cases, to ensure that the party given such access does not disclose these materials, except to the extent necessary in the habeas proceeding, i.e., to ensure that such a party's actions do not result in a rupture of the privilege.")

In his Motion, Masters asserts claims of ineffective assistance of counsel, claiming that his former trial counsel, Chris Rasmussen, was ineffective for failing to undertake certain actions or address certain issues. (ECF No. 386.) The government argues that Masters has waived his attorney-client privilege by raising these claims. (ECF No. 422 at 2-3.) The government asks the Court to declare that the attorney-client privilege has been waived and to order Mr. Rasmussen to respond to specific requests relating to Masters' allegations of ineffective assistance of counsel to permit the government to address the Motion. (*Id.* at 4-6.) The Court finds that the government has properly narrowed the scope of its waiver request and Masters has waived the attorney-client privilege with respect to the subject areas identified in the government's Application. However, Masters' waiver is limited to this habeas case. The Court will grant the government's Application.

It is therefore ordered that the government's application for an order deeming the attorney-client privilege waived (ECF No. 422) is granted. Mr. Rasmussen is directed to provide the government an affidavit responding to the requests presented in the government's Application within thirty (30) days. The government will serve a copy on Masters within five (5) days from receipt of Mr. Rasmussen's affidavit.

It is further ordered that the government has forty-five (45) days from receipt of Mr. Rasmussen's affidavit to respond to Master's Motion.

DATED THIS 31st day of October 2017.

MIRANDA M. DU  
UNITED STATES DISTRICT JUDGE